# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **PHYLLIS M. MORRIS (SHAW),** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )   **5:22-cv-00824-LSC** |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM OF OPINION

## I.   Introduction

On July 5, 2022, Phyllis M. Morris ("Morris" or "Plaintiff") filed with the Clerk of this Court a complaint against the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") requesting judicial review of the Commissioner's decision regarding Plaintiff's claim for increased survivor's benefits and back pay on the record of Jerry Shaw. (Doc. 1.) On October 31, 2022, the Commissioner moved to dismiss the complaint[1], alleging that this Court lacks subject matter jurisdiction over the case because Plaintiff failed to exhaust her administrative remedies, thus barring her claim from judicial review. (Doc. 10.)

---

[1] (Doc. 1.)

## II. Background

In May 2011, Morris began receiving Social Security Income ("SSI") through the Retirement and Survivors Insurance ("RSI") Program as a surviving divorced spouse on the record of Jerry Shaw. (Doc. 10-1 at 2.) Morris continues to receive survivor's benefits on the record of Jerry Shaw as well as Social Security retirement benefits on her own earnings record. (*Id.*) Following a cost-of-living increase in January 2022, Morris's total monthly benefits currently equal $1,860. (*Id.*)

Morris requested a review of her Social Security benefits in February 2022, alleging that she was eligible for a higher benefits amount and back pay on the record of Jerry Shaw. (Doc. 10-1 at 3.) The Social Security Administration ("SSA") classified Morris's request as a non-medical reconsideration request and, in May 2022, determined that Morris was receiving the correct benefits amount on Jerry Shaw's record as well as on her own record. (*Id.*)

Without having received notice of the SSA's findings regarding her request for a review of her benefits amount, Morris filed the present action in July 2022, alleging that she is entitled to a higher survivor's benefit amount on Jerry Shaw's record and back pay. (Doc. 1 at 1–3.) In October 2022, the SSA became aware that it had not provided Morris with notice of the SSA's findings regarding her initial request for review.  (*See* doc. 10-1 at 3.) On October 31, 2022, the Commissioner

stated that "an agency payment center [was] in the process of forwarding those notices to [Morris]." (Doc. 10 at 3.)

### III. Standard of Review

Any claims Plaintiff may have regarding her survivor's benefits amount necessarily arise under the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 402, 404, 405. Sections 405(g) and (h) of Title 42 of the United States Code limit judicial review of the SSA's final administrative decisions. These provisions are the exclusive basis for jurisdiction in cases arising under the Act, providing as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .
>
> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g), (h). Congress has thus explicitly stated that, in claims arising under the Act, judicial review is permitted only in accordance with 42 U.S.C. § 405(g), as limited by § 405(h). *See, e.g.*, *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 8–9 (2000). Thus, by its terms, the statute prohibits a court from

otherwise exercising federal question jurisdiction over claims arising from the Act. *See Mathews v. Eldridge*, 424 U.S. 319, 327 (1976) (noting that Section 405(h) bars federal question jurisdiction). Where, as here, the right to sue is expressly created by statute and the statute provides a special remedy, that remedy is exclusive. *See United States v. Babcock*, 250 U.S. 328, 331 (1919).

As noted, the language of 42 U.S.C. § 405(g) expressly limits judicial review to "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). The Act does not itself define the term "final decision," and thus, "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 763 (1975). The regulations require a claimant to exhaust four steps of administrative review before the claimant receives a "final decision" and can then seek judicial review of that decision. *See* 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5); *see also Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988).

The first administrative review step is an initial determination made by the SSA. 20 C.F.R. §§ 404.900(a)(1), 416.1400(a)(1). The next step is a request for the SSA to reconsider its determination. 20 C.F.R. §§ 404.900(a)(2), 416.1400(a)(2). If a claimant is still dissatisfied with the reconsideration determination, he or she may request a hearing before an Administrative Law Judge ("ALJ"). 20 C.F.R. §§

404.900(a)(3), 416.1400(a)(3). The final administrative review step following a decision by an ALJ is to request the Appeals Council to review the decision. 20 C.F.R. §§ 404.900(a)(4), 416.1400(a)(4). If the Appeals Council denies the individual's request for review or grants the individual's request for review and issues its own decision, the individual may seek judicial review of the Commissioner's "final decision" by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 422.210(a), (c). If the claimant fails to pursue one of the above steps, the administrative determination or decision becomes binding and bars judicial review. *See* 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981, 416.1405, 416.1421, 416.1455, 416.1481.

## IV.  Discussion

This Court lacks subject matter jurisdiction to hear Plaintiff's claims regarding her survivor's benefit amount on the record of Jerry Shaw. For the reasons set forth below, the Commissioner's motion to dismiss (doc. 10) is hereby GRANTED and the present action DISMISSED.

The Supreme Court has consistently acknowledged the general rule that parties must exhaust the prescribed administrative remedies before seeking relief from the federal courts. *See Weinberger*, 422 U.S. at 766 (citing *McKart v. United*

*States*, 395 U.S. 185, 93–94 (1969)). "Exhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). The exhaustion doctrine is grounded in Congress's delegation of authority to coordinate the branches of Government and recognizes that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer. *See id.* at 144–45. The exhaustion requirement also reflects the "commonsense notion" that "an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Id.* at 145. Providing the agency with the opportunity to correct its own errors may eliminate the need for judicial involvement altogether; even if the exhaustion requirement does not moot the case entirely, it at least avoids piecemeal appeals and may produce a useful record for subsequent judicial consideration. *Id.*

Plaintiff challenges the SSA's initial determination that Plaintiff's benefits amount was correct on the record of Jerry Shaw. (Doc 1 at 2–3.) However, at the time that Plaintiff filed her complaint, the SSA had not yet notified her of these determinations or her right to appeal them. (Doc 10 at 3.) Because Plaintiff had not even received notice of the SSA's initial determination, she could not have completed the remaining steps of the administrative review process before filing the

present complaint. Accordingly, Plaintiff failed to exhaust the necessary administrative remedies that are prerequisite to this Court's jurisdiction over her claim.

If the plaintiff raises a "colorable constitutional claim[]," courts may excuse the need for a "final decision . . . made after a hearing" and find that subject matter jurisdiction nonetheless exists. *Califano v. Sanders*, 430 U.S. 99, 109 (1977); *see also Loudermilk v. Barnhart*, 290 F.3d 1265, 1268 (11th Cir. 2002); *Holland v. Heckler*, 764 F.2d 1560, 1562 (11th Cir. 1985). However, where a constitutional claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous," the court may dismiss the claim for lack of jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). Plaintiff raises no colorable constitutional claims and thus fails to provide a basis for this Court to exercise subject matter jurisdiction over her claim.

Accordingly, Plaintiff's claims relating to her request for increased survivor's benefits and back pay do not confer subject matter jurisdiction on this Court because she has failed to meet the administrative exhaustion requirements necessary to establish jurisdiction under the Act and otherwise failed to identify a colorable constitutional claim.

## V. Conclusion

For the reasons explained above, Plaintiff's complaint[2] and motion[3] to set aside the Commissioner's motion to dismiss are hereby DENIED. The Commissioner's motion to dismiss[4] is GRANTED.

Furthermore, if she has not already done so, the Commissioner is hereby ORDERED to provide Plaintiff with notice of the SSA's initial determination regarding its review of her benefits amount on the record of Jerry Shaw. A corresponding order will be entered contemporaneously herewith.

**DONE** AND **ORDERED** ON DECEMBER 5, 2022.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

211913

---

[2] (Doc. 1.)
[3] (Doc. 12.)
[4] (Doc. 10.)